UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

GERTRUDE C.F. HAMILTON,          :

                                     :

      Plaintiff-Appellant,        :       Case No. 1:11-cv-02916 (RMB)

                                     :

      v.                             :

                                     :

MARK IV INDUSTRIES, INC., et al.,     :       APPEAL

                                     :

      Defendant-Appellee     :

                                     :

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/16/11

PRO SE OFFICE

**RESPONSE BRIEF TO MARCH 16, 2011 "MEMORANDUM ENDORSEMENT AND ORDER DENYING RELIEF REQUESTED BY GERTRUDE C. F. HAMILTON"**

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488
Cell Tel: (843) 599-2257
Home Tel: (843) 549-7921
E-mail: trudyham1@aol.com
PRO SE

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

STATEMENT OF JURISDICTION ................................................................. 1

STATEMENT OF THE ISSUES ....................................................................... 1

STATEMENT OF THE CASE .......................................................................... 2

STATEMENT OF FACTS ................................................................................ 3

SUMMARY OF ARGUMENT ......................................................................... 4

ARGUMENT ...................................................................................................... 6

    I.   THE AMENDED SUMMARY JUDGMENT MADE MATERIAL CHANGES IN THE ULTIMATE DISPOSITION OF THE MATTER ................. 6

    II.   THE DEFENDANT'S DISMISSAL OF COUNTERCLAIMS WAS A VIOLATION OF THE AUTOMATIC BANKRUPTCY STAY ............................. 7

    III.   THE ENTRIES OF SUMMARY JUDGMENT AND AMENDED SUMMARY JUDGMENT WERE VIOLATIONS OF THE AUTOMATIC BANKRUPTCY STAY .................................................................................. 9

    IV.   THE DEFENDANTS FAILING TO SCHEDULE HAMILTON'S LAWSUIT WAS NOT HARMLESS ...................................................... 11

CONCLUSION .................................................................................. 11

# TABLE OF AUTHORITIES

## FEDERAL COURTS OF APPEALS CASES

*Koolik v. Markowitz, 40 F. 3d 567, 568 (2d Cir. 1994)*.........................................................8

*Pope v. Manville Forest Products Corporation, 778 F.2d 238 (5th Cir. 1985)*............8, 10

*Rexnord Holdings, Inc. v. Bidermann, 21 F .3d 522, 527 (2d Cir. 1994)* ....................9, 10

## STATUTES

11 U.S.C. § 362................................................................................................... 1, 8, 10

18 U.S.C. § 152......................................................................................................... 1, 11

18 U.S.C. § 157................................................................................................................ 11

28 U.S.C. § 1332............................................................................................................. 12

28 U.S.C. § 158................................................................................................................. 1

42 U.S.C. § 12112.......................................................................................................... 15

## RULES

29 C.F.R. 1904.4(a)........................................................................................................ 14

Fed. R. Bankr. P. 8017................................................................................................... 10

Fed. R. Civ. P. 41............................................................................................................. 8

Fed. R. Civ. P. 59............................................................................................................. 7

Fed. R. Civ. P. 60............................................................................................................. 6

Fed. R. Civ. P. 72........................................................................................................... 14

## STATEMENT OF JURISDICTION

Hamilton seeks review of the Order of the U.S. Bankruptcy Court of the Southern District of New York denying her relief. This Court has the jurisdiction to hear an appeal of the decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158. Hamilton filed her timely notice of appeal of the Court's March 16, 2011 decision on March 25, 2011.

## STATEMENT OF THE ISSUES

Hamilton submitted the memo to the Bankruptcy Court asking for an investigation into the actions that took place in the U.S. District Court of South Carolina during the automatic stay resulting from the defendants' bankruptcy filing. In addition to possible fraud upon the court, several codes and rules were violated. 11 U.S.C. § 362(k)(1), 11 U.S.C. § 362(a)(1), 18 U.S.C. § 152(8). The following are the issues that will be addressed:

1. Whether or not the Amended Summary Judgment made material changes in the ultimate disposition of the matter.

2. Whether or not the defendant's dismissal of counterclaims was a violation of the automatic bankruptcy stay.

3. Whether or not the entries of Summary Judgment and Amended Summary Judgment were violations of the automatic bankruptcy stay.

4. Whether or not the defendants failing to schedule Hamilton's lawsuit was harmless.

## STATEMENT OF THE CASE

The underlying litigation results from Hamilton's retaliatory termination by the defendants for reporting disability discrimination. Hamilton had a workplace accident and after working for a few months afterward, her employer (the defendants) put her on Workers' Compensation leave. The defendants terminated Hamilton less than a year later, even though they told her that she was safe from termination for at least a year from the date the leave of absence began. On May 13, 2007, Hamilton filed a lawsuit against her former employer Dayco Products, LLC and Mark IV Industries. On April 30, 2009, Mark IV Industries filed chapter 11 bankruptcy. On May 21, 2009, Hamilton had Summary Judgment entered against her by Judge Patrick Michael Duffy of the U.S. District Court for South Carolina, the defendants dismissed their countersuit, and the case was closed. On June 8, 2009, an Amended Summary Judgment was entered in the case. On August 11, 2009, Hamilton filed a Motion for Reconsideration, which was denied without opinion on August 13, 2009. On August 31, 2009, Hamilton filed a Notice of Appeal to the Order on Summary Judgment. On September 22, 2009, Hamilton filed an Appeal to the Fourth Circuit Court of Appeals. On February 23, 2010, the Fourth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction and affirmed denial of the Motion for Reconsideration. Hamilton submitted a Writ of Certiorari to the U.S. Supreme Court, which was denied. On March 10, 2011, Hamilton submitted a memo to the U.S. Bankruptcy Court for the Southern District of New York alleging fraud by the defendants. On March 16, 2011, the U.S. Bankruptcy Court for the Southern District of New York denied relief to Hamilton. It is from that Order that Hamilton appeals to this Court.

## STATEMENT OF FACTS

1. Hamilton is a former employee of the defendant, Dayco Products LLC, a subsidiary of Mark IV Industries.

2. Hamilton suffered a workplace accident on May 20, 2005 and was put on Workers Compensation leave on September 15, 2005 against her will and without a doctor's order.

3. Hamilton was put on pain medication for her rotator cuff and wrist injuries, and anti-depressants for emotional distress and depression resulting from the accident.

4. Hamilton filed a charge of discrimination with the South Carolina Human Affairs Commission on March 6, 2006 (3-06-218D SHAC), and with Workers' Compensation Commission on June 15, 2006 because her Workers' Compensation had been terminated.

5. Hamilton was terminated by Dayco Products on June 29, 2006.

6. Hamilton filed a lawsuit against the defendants on August 13, 2007 for wrongful termination, retaliation for filing a complaint with the Workers' Compensation Commission, and violations under Title VII.

7. A Motion for Summary Judgment was granted in favor of the defendants on February 10, 2009.

8. Mark IV filed for chapter 11 bankruptcy on April 30, 2009 and filed a Notice of Automatic Stay on May 19, 2009.

9. On May 21, 2009, during the automatic stay, Summary Judgment was entered in favor of the defendants and the defendants dismissed their counterclaim. The case was closed on that same date.

10. An Amended Summary Judgment was entered on June 8, 2009, while the automatic stay was still in effect. Hamilton was no longer being represented by counsel.

11. The automatic bankruptcy stay was lifted on July 17, 2009 and Hamilton was granted permission to appeal Summary Judgment.

12. Hamilton filed a Notice of Appeal of Summary Judgment on August 31, 2009 and filed an Appeal on September 22, 2009.

13. The Fourth Circuit Court of Appeals denied Hamilton's appeal. She then filed a Writ of Certiorari with the U.S. Supreme Court, which was denied by that court.

14. Hamilton sent a complaint to the U.S. Bankruptcy Court for the Southern District of New York, addressing the fraudulent acts of the defendant.

15. The Bankruptcy Court denied Hamilton relief.


## SUMMARY OF ARGUMENT

When the U.S. District Court of South Carolina entered Summary Judgment in a Civil Case and Amended Summary Judgment in a Civil Case, the Court did not have the right to do so because the automatic bankruptcy stay was in effect, specifically, still within its first 14 days. The defendant's dismissal of their counterclaims was also done during the automatic stay, and thus was also a violation of the stay. Additionally, the defendant's omission from their bankruptcy filing of both Hamilton's active lawsuit and

their countersuit against Hamilton was not without harm. In not being completely truthful in their bankruptcy filing they were attempting to deceive the Court and commit bankruptcy fraud. Due to the consistent and pattern behavior of dishonesty and misconduct on the part of the defendants, in addition to the financial burden and emotional distress caused to Hamilton by that behavior, Hamilton believes that her case should be reopened, moved to this Court, and reheard.

## ARGUMENT

### I.    THE AMENDED SUMMARY JUDGMENT MADE MATERIAL CHANGES IN THE ULTIMATE DISPOSITION OF THE MATTER

Hamilton disagrees with the Order where it states:

"On or about June 8, 2009, the clerk entered an Amended Summary Judgment in a Civil Case, (id., #95), which did not make any material changes in the ultimate disposition of the matter."

There was an Amended Summary Judgment in a Civil Case entered by the clerk on June 8, 2009 in the U.S. District Court of South Carolina. (ECF Doc. 1013, p. 9, id., # 95.) In the Order Hamilton is appealing, the Judge states that this amended summary judgment "did not make any material changes in the ultimate disposition of the matter." However, there are substantive changes between the Summary Judgment in a Civil Case (Entry 1013, p. 19) and Amended Summary Judgment. The Amended Summary Judgment removes the following from the original Summary Judgment:

"The court having been advised by the parties that they have agreed to dismiss the Defendants' counterclaims against the Plaintiff pursuant to Rule 41 of the Federal Rules of Civil Procedure, IT IS FURTHER ORDERED AND ADJUGDED that all remaining claims are dismissed without costs and with prejudice."

The Amended Summary Judgment replaces that line with the following:

"It is ordered that the defendants' counterclaims are hereby dismissed with prejudice."

After the amendment, the "remaining claims" are no longer dismissed, meaning Hamilton's viable claims are still open.

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the court may only amend a summary judgment on its own when there are clerical mistakes, or mistakes from an oversight or omission. The changes described above are not clerical, nor are they from an oversight or an omission.

Additionally, neither party made a motion for the amendment within 28 days of the entry of the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In the defendants' response brief to Hamilton's appeal to the Fourth Circuit Court of Appeals, they assert that the reason for the amendment was Hamilton's objection to the "portion of the order that referenced her agreement to dismiss Mark IV's counterclaims against her." However, Hamilton never made a formal motion, proof of which being found on the case docket showing that no actions take place between entry of summary judgment and amended summary judgment. (EFC Doc. 1013, p. 9). The docket even contradicts the defendants in stating the reason for the amendment was "to replace damaged document per systems." It appears as if the Clerk was attempting to hide the fact that he was violating Rule 60(a) by listing a clerical reason for entering the amendment.

Due to violations of Rule 59(e) and 60(a), Summary Judgment and Amended Summary judgment should be vacated.

## II.  THE DEFENDANTS' DISMISSAL OF COUNTERCLAIMS WAS A VIOLATION OF THE AUTOMATIC BANKRUPTCY STAY

Hamilton disagrees with the Order where it states:

> "The filing of the petitions in this case stayed Hamilton's claims against the defendants, 11 U.S.C. § 362(a)(1), but had no effect on the prosecution of the defendants' counterclaims against Hamilton, a non-debtor. See Koolik v. Markowitz, 40 F. 3d 567, 568 (2d Cir. 1994). Consequently, the defendants were free to dismiss their counterclaims in accordance with Fed. R. Civ. P. 41 without regard to the automatic stay."

Hamilton believes that the filing of petitions should have had an effect on the prosecution of the defendants' counterclaims against her. In *Koolik v. Markowitz, 40 F.*

*3d 567, 568 (2d Cir. 1994)*, the Court determined that under 11 U.S.C. § 362(a)(1), a plaintiff can become a bankruptcy debtor when a counterclaim is asserted against them, and thus is also protected under the code. The defendants' <u>Stipulation of Dismissal With Prejudice</u> of their counterclaims entered on May 21, 2009 is an "action or proceeding" against the plaintiff who is also a debtor. (EFC Doc. 1013, p. 15). Therefore, it was an action in violation of the automatic stay.

Additionally, though 11 U.S.C § 362 states that the stay applies to "the commencement or continuation" of judicial proceedings but makes no reference to "dismissal" of judicial proceedings, "the stay must be construed to apply to dismissal as well." *Pope v. Manville Forest Products Corporation, 778 F.2d 238 (5th Cir. 1985)*. The Court in that case states:

> "First, if either of the parties takes any step to obtain dismissal, such as a motion to dismiss…there is clearly a continuation of the judicial proceeding. Second,…just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a continuation of a judicial proceeding. Third, dismissal of a case places the party dismissed in the position of being stayed 'to continue the judicial proceeding,' thus effectively blocking his right to appeal."

Further, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, a Stipulation of Dismissal must be signed by all parties that have appeared. Hamilton did not sign the stipulation. Thus, the statement in the stipulation that "the Parties stipulate and agree to dismiss Defendants' Counterclaims against Plaintiff in the above-captioned action" is false. The counterclaim had been addressed October 27, 2007 when Hamilton responded with a first defense. Because the defendants knew Hamilton did not provide a signature agreeing to the dismissal, yet still filed the stipulation, it appears as though they

deliberately intended to commit fraud. For the above reasons, the Stipulation of Dismissal should be voided.

### III.   THE ENTRIES OF SUMMARY JUDGMENT AND AMENDED SUMMARY JUDGMENT WERE VIOLATIONS OF THE AUTOMATIC BANKRUPTCY STAY

Hamilton disagrees with the Order where it states:

"In addition, the entry of judgment against Hamilton did not necessarily violate the stay. The District Court rendered summary judgment against Hamilton prior to the petition date. The entry of judgment by the Clerk may be deemed a ministerial act that does not violate the stay. Rexnord Holdings, Inc. v. Bidermann, 21 F .3d 522, 527 (2d Cir. 1994)."

The statement that Summary Judgment (ECF Doc. 1013, p. 19) was rendered prior to the petition date of April 30, 2009 is incorrect. Summary Judgment was decided in favor of the defendants on May 21, 2009, twenty-one days after the petition date and two days into the automatic stay. The Bankruptcy Court did not lift the stay until July 17, 2009. *Rexnord Holdings, Inc. v. Bidermann, 21 F .3d 522, 527 (2d Cir. 1994)* does not apply to Hamilton's case in the way described in the Order. The Court in the referenced case determined that a "So ordered" entry of judgment is a judicial procedure and that an entry of that judgment on the docket by the clerk is a ministerial act. Also in the referenced case, the "So ordered" entry of judgment was made before the filing of the bankruptcy petition and therefore was not a violation of the automatic stay. Hamilton's case is different, in that the "So ordered" entry of Summary Judgment, as well as the Amended Summary Judgment, were made after the filing of the bankruptcy petition and the Notice of Automatic Stay. (ECF Doc. 787-16, ex. 19). The judgment was entered on the docket on the same date the judgment was made, but Hamilton agrees that the act was ministerial

and does not violate the stay. However, because both the "So ordered" entry of Summary Judgment and the Amended Summary Judgment were judicial procedures made after the petition date, they must be deemed a violation of the automatic stay.

Further, 11 U.S.C. § 362(a)(1) states that the automatic stay is applicable to the continuation of judicial or administrative actions or proceedings against debtors, including those that may have commenced prior to commencement of a Title 11 case. Hamilton's lawsuit against the defendants began in 2007 and was still open when the bankruptcy petition was filed in April 2009. Again, the Court in *Rexnord Holdings, Inc.*, *21 F.3d 522, 527* deems a "So ordered" entry of judgment a judicial procedure. Therefore, in the Hamilton's case, the judicial procedures of entering a Summary Judgment on May 21, 2009 and entering an Amended Summary Judgment on June 8, 2009, during the automatic stay that was in effect until July 17, 2009, was a violation of 11 U.S.C. § 362(a)(1). *Pope, 778 F.2d 238* (the Court states "a stay granted against an action in district court continues until the bankruptcy case is closed, dismissed,…or until the bankruptcy court grants some relief from stay").

Also consider 11 U.S.C. § 362(k)(1), as these violations were "willful" with the U.S. District Court of South Carolina having had knowledge of the Mark IV's bankruptcy petition but continuing to enter summary judgment during the automatic stay.

Rule 8017 of the Federal Rules of Bankruptcy Procedure mandates that "judgments of the district court…are stayed until the expiration of 14 days after entry." This rule was ignored by the U.S. District Court of South Carolina. Because of the various aforementioned codes and rules that were violated, both judgments should be vacated.

## IV.   THE DEFENDANTS FAILING TO SCHEDULE HAMILTON'S LAWSUIT WAS NOT HARMLESS

Hamilton disagrees with the Order where it states:

"Finally, although the defendants failed to schedule Hamilton's lawsuit, the omission was immaterial to the bankruptcy cases, and was harmless."

Because the defendants filed chapter 11 bankruptcy and did not report their existing claim against Hamilton, nor report Hamilton's active lawsuit against them, the defendants committed fraud. The omission of these claims under oath to the Bankruptcy Court is considered a violation under 18 U.S.C. § 152(8), which states that a person who knowingly conceals information relating to a debtor's financial situation shall be fined. Further, the defendants' entry of deliberately incomplete documentation in their bankruptcy filing indicates bankruptcy fraud, pursuant to 18 U.S.C. § 157(3). A debtor signs all bankruptcy petition documents, including a Statement of Financial Affairs, under penalty of perjury. Hamilton believes the defendants committed perjury and that their actions are harmful to the Court and should be examined and prosecuted by the Court.

### CONCLUSION

Hamilton believes the objective evidence should confirm too many procedural errors were made, intentional or not, that prevented due process. The defendants willfully and fraudulently used the bankruptcy stay to bar Hamilton from acting to appeal the decision, and thus violated her Constitutional Civil Rights. This use of the bankruptcy stay was also an abuse of process, as the defendants used the legal system in an improper way to thwart Hamilton's attempt to appeal. In addition, when one intentionally omits

reporting an active lawsuit at the time of a bankruptcy filing, they are attempting to defraud the Court. This behavior speaks to the defendants' lack of honesty and demands a review of Hamilton's case.

First, Hamilton prays this court will review the objective evidence of fraudulent acts having taken place by the defendants in their bankruptcy filing and launch an investigation to take legal action against them.

Second, Hamilton prays that all actions completed during the automatic stay will be vacated. She was injured by the judgments entered in violation of the stay because of the costs associated with filing appeals and trying to obtain justice. She also requests that the "Memorandum Endorsement and Order Denying Relief Requested by Gertrude C. F. Hamilton" issued March 16, 2011 be vacated on the grounds that many incorrect statements were made, to which Hamilton has argued above.

Third, Hamilton would like to make a venue motion to move her lawsuit to the U.S. District Court of the Southern District of New York in order to re-argue her case. She is unsure of whether this district court has the authority to grant her venue motion, but nevertheless, she mentions it here because it is one of the goals in her case. Hamilton believes her venue motion should be granted because her case is a diversity case and under 28 U.S.C. § 1332(a) the U.S. District Court of New York, Southern District has diversity jurisdiction due to the fact that "the matter in controversy exceeds the value of $75,000" and is "between citizens of different states." One the defendants, Mark IV Industries, is a corporation with New York as its principle place of business. Pursuant to 28 U.S.C. § 1332(c)(1), this means New York has personal jurisdiction over Mark IV,

which makes this a diversity case that can be heard in the U.S. District Court of New York, Southern District.

Hamilton would like to explain her reasons for pursuing the vacating of the actions completed during the automatic stay and what she hopes to accomplish. Hamilton believes that the willful actions that took place during the stay speak to the disingenuity of the defendants as well as the U.S. District Court of South Carolina's disregard for the law. Because of the actions being made in bad faith by the defendants, violating various codes and laws, Hamilton feels that her case should be reopened and moved to this District Court. Hamilton would like for the Court to toll the statue of limitations on her claims so that she may continue her lawsuit against the defendants.

In addition to her arguments above, Hamilton has other reasons for believing her case should be reopened and moved to this Court:

1.  The South Carolina District Court Magistrate Judge made misstatements his <u>Report and Recommendations</u> (ECF Doc. 787-13), which was adopted by the Judge in his <u>Order</u>. (ECF Doc. 787-15). Hamilton did not file for long-term disability on June 26, 2006 as stated by the Judge. Hamilton received a <u>letter from Aetna Insurance Company</u> saying they did not receive a filing for her long-term disability from the defendants until August 17, 2006. (ECF Doc. 787-20 p. 4).

2.  The U.S. District Court of South Carolina Judge did not fulfill due process when he denied Hamilton's <u>Motion for Reconsideration</u> without providing written reasons for his decision. (ECF Doc. 787-19, p. 1). Newly discovered evidence was entered and deserved to be addressed

by the Judge. Many material facts that had been disputed were also included; with objective evidence in the Motion. Hamilton understands Rule 72 of the Federal Civil Rules of Procedure to mean that a review *de novo* should produce a written decision.

3.   The newly discovered evidence presented in the Motion for Reconsideration was a <u>Summary of Work-Related Injuries and Illnesses</u> from Occupational Safety and Health Administration—that the defendant refused to provide Hamilton upon her request during discovery—that proves the defendants lied to OSHA about employees' missed days due to work-related injuries. The defendants listed "0" days away from work during the 2006 calendar year, however, Hamilton alone was out of work for 180 days. (ECF Doc. 1013, p. 18). This is in direct violation of OSHA's Revised Injury and Illness Recordkeeping Rules 29 C.F.R. 1904.4(a).

4.   The Defendants were found by OSHA to have provided an incorrect number of days missed on their 2005 Summary of Work-Related Injuries and Illnesses, which indicates a pattern of trying to defraud OSHA. (ECF Doc. 787-18, p. 2).

5.   While Hamilton was still employed by the Defendants, the Safety Manager told Hamilton that instead of listing an "absence due to bed rest" on her attendance record, they would give her "comp time." This was another attempt to defraud OSHA.

6.     Hamilton requested a headset costing less than $100 in order to do her work without holding the phone between her head and shoulder, which caused pain due to the injury. She believes her request was denied and she was put on leave without a doctor's approval so the defendants could later argue that she was terminated because she was unable to do her job. The defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(b)(5)(A) in not making "reasonable accommodations to the known physical…limitations of an otherwise qualified individual…"

7.     It is Hamilton's belief that as the Internal Auditing Team Leader for the Dayco plant, she was put on leave against her will by the defendants in September 2005 so that she would not be present in the plant during internal audits ISO 14001 and ISO/TS 16949 scheduled for the following month. ISO 14001 is an environmental and safety audit, and had the company failed that audit they would no longer be able to sell products to the top three U.S. automotive companies as well as several other U.S. and international companies.

8.     The defendants' counterclaims were based on an <u>Income Summary</u> document containing false information. That document was entered as evidence after the close of the discovery process. (ECF Doc. 787-11, ex. 15). The defendants claim the document proves Hamilton was overpaid short-term disability, however it includes income from two weeks prior

to her Leave of Absence, as well as vacation pay. No overpayment

existed.

Hamilton prays the Court will review her case in light of the proof of blatant

dishonesty and willful disregard for the law on the part of the defendants.


**Respectfully submitted,**


**Gertrude Coretta Fennell Hamilton**
**99 Elmwood Street**
**Walterboro, SC 29488**
**Trudyham1@aol.com**
**843.549.7921: home**
**843.599.2257: cell**

**May 16, 2011**

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing APPEAL BRIEF OF

PLAINTIFF-APPELLANT has been furnished via certified mail and confirmation of

receipt requested upon:

Susanna H. Murray (Fed. ID #10150)
Eric C. Schweitzer (Fed. ID # 3759)
Catherine B. Templeton (Fed. ID # 7338)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
211 King Street, Suite 200
Post Office Box 1808 (29402)
Charleston, SC 29401

Attorneys for Defendants-Appellees

Jay M. Goffman, Esq.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Time Square
New York, NY 10036

Counsel for Defendants-Appellees

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488
Home Tel: (843) 549-7921
Cell Tel: (843) 599-2257

Dated this 16th day of May, 2011