OFFICE COPY



## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re                                                 :

MARK IV INDUSTRIES, INC., et al.,                     :      Appeal from Bankr. Case
                                                      :      09-12795 (SMB)
            Reorganized Debtors.                      :      Jointly Administered
_____/                    :

GERTRUDE C.F. HAMILTON,                               :
                                                      :
            Appellant,                                :
                                                      :      1:11-cv-02916-(RMB)
      vs.                                             :
                                                      :
MARK IV INDUSTRIES, INC.,                             :
                                                      :
            Appellee.                                 :
_____/                    :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE BRIEF OF APPELLEE MARK IV INDUSTRIES, INC.

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
Four Times Square
New York, New York 10036
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Jay M. Goffman (Jay.Goffman@skadden.com)
J. Eric Ivester (Eric.Ivester@skadden.com)

SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
Telephone: (312) 407-0700
Facsimile: (312) 407-0411
Jeremy R. Hall (Jeremy.Hall@skadden.com)

Attorneys for Mark IV Industries, Inc., et al.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

COUNTER-STATEMENT OF THE ISSUES ON APPEAL ................................................... 2

STANDARD OF APPELLATE REVIEW ............................................................................... 2

STATEMENT OF THE FACTS AND THE CASE ................................................................. 2

      A.    Mark IV Overview .................................................................................... 2

      B.    General Background .................................................................................. 3

      C.    March 2011 Letter .................................................................................... 8

ARGUMENT ............................................................................................................................ 9

    I.     THE BANKRUPTCY COURT DID NOT ERR IN DENYING ANY
          RELIEF TO APPELLANT STEMMING FROM THE SOUTH
          CAROLINA DISTRICT COURT'S ENTRY OF SUMMARY
          JUDGMENT WHILE THE AUTOMATIC STAY WAS IN EFFECT ................ 9

        A.    Issue Preclusion Bars Relitigation of Appellant's Automatic Stay
             Arguments. ....................................................................................... 10

        B.    Appellant's Arguments are Wholly Without Merit. ............................... 11

    II.    THE BANKRUPTCY COURT'S FINDING THAT MARK IV'S
          FAILURE TO SCHEDULE APPELLANT'S LAWSUIT IN ITS
          STATEMENT OF FINANCIAL AFFAIRS WAS IMMATERIAL TO
          THE BANKRUPTCY CASES AND WAS HARMLESS IS NOT
          CLEARLY ERRONEOUS. ............................................................................ 14

    III.   APPELLANT MAY NOT USE THIS APPEAL TO COLLATERALLY
          ATTACK SUMMARY JUDGMENT ENTERED BY THE SOUTH
          CAROLINA DISTRICT COURT IN MARK IV'S FAVOR. ........................... 16

    IV.   APPELLANT IS ENJOINED FROM CONTINUING OR
          COMMENCING ANY ACTION TO RECOVER ON ANY CLAIMS
          RELATING TO THE SOUTH CAROLINA LITIGATION. ............................. 17

    V.    THE APPEAL IS MOOT TO THE EXTENT APPELLANT IS SEEKING
          TO RECOVER FROM MARK IV. .................................................................. 19

    VI.   APPELLANT'S FAILURE TO RAISE CERTAIN ISSUES BEFORE
          THE BANKRUPTCY COURT EFFECTS A WAIVER. .................................. 20

CONCLUSION ........................................................................................................................ 20

# TABLE OF AUTHORITIES

## CASES

*767 Third Avenue Associates v. Consulate General of the Socialist Federal Republic of Yugoslavia*, 281 F.3d 152 (2d Cir. 2000)........................................................................20

*Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.)*, 762 F.2d 185 (2d Cir. 1985)........................................................................16

*Baker v. General Motors Corp.*, 522 U.S. 222 (1998)........................................................................16

*Browning v. MCI, Inc. (In re Worldcom, Inc.)*, 339 B.R. 836 (S.D.N.Y. 2006)........................................................................20

*In re Cantwell*, 639 F.2d 1050 (3d Cir. 1981)........................................................................19

*In re Capgro Leasing Associates*, 169 B.R. 305 (Bankr. E.D.N.Y. 1994)........................................................................14

*Chae v. Schneider*, 244 S.W.3d 425 (Tex. App. 2007)........................................................................19

*Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litigation)*, 765 F.2d 343 (2d Cir. 1985)........................................................................10

*First Wisconsin National Bank of Milwaukee v. Grandlich Development Corp.*, 565 F.2d 879 (5th Cir. 1978)........................................................................13

*Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26 (1st Cir. 2001)........................................................................11

*Harriscom Svenska, AB v. Harris Corp.*, 3 F.3d 576 (2d Cir. 1993)........................................................................16

*Heiser v. Woodruff*, 327 U.S. 726 (1946)........................................................................17

*Justus v. Financial News Network (In re Financial News Network, Inc.)*, 158 B.R. 570 (S.D.N.Y. 1993)........................................................................12

*Kroolik v. Markowitz*, 40 F.3d 567 (2d Cir. 1994)........................................................................13

*Local 32B-32J Service Employees International Union v. NLRB,*
    982 F.2d 845 (2d Cir. 1993)..........................................................................10

*Maritime Electric Co. v. United Jersey Bank,*
    959 F.2d 1194 (3d Cir. 1991)......................................................................12

*NLRB v. Thalbo Corp.,*
    171 F.3d 102 (2d Cir. 1999)........................................................................10

*Pope v. Manville Forest Products Corp.,*
    778 F.2d 238 (5th Cir. 1985).......................................................................12

*Rexnord Holdings, Inc. v. Bidermann,*
    21 F.3d 522 (2d Cir. 1994)..........................................................................13

*Robinson v. Government of Malaysia,*
    269 F.3d 133 (2d Cir. 2001)........................................................................20

*Shugrue v. Air Line Pilots Association, International (In re Ionosphere Clubs, Inc.),*
    922 F.2d 984 (2d Cir. 1990).........................................................................2

*Singleton v. Wulff,*
    428 U.S. 106 (1976) ....................................................................................20

*Stoehr v. Mohamed,*
    244 F.3d 206 (1st Cir. 2001) .......................................................................11

*Taunton Municipal Lighting Plant v. Enron Corp. (In re Enron Corp.),*
    354 B.R. 652 (S.D.N.Y. 2006)......................................................................2

*Teachers Insurance and Annuity Association of America v. Butler,*
    803 F.2d 61 (2d Cir. 1986)....................................................................16, 17

*Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.,*
    49 B.R. 360 (S.D. Fla. 1985) ......................................................................13

*United States v. Mitchell,*
    966 F.2d 92 (2d Cir. 1992)............................................................................2

*United States v. Salerno,*
    932 F.2d 117 (2d Cir. 1991).........................................................................19

## STATUTES

11 U.S.C. § 101(13) ...........................................................................................13

11 U.S.C. § 524(a)(1).........................................................................................19

iv

11 U.S.C. § 524(a)(2) ..........................................................................................18

11 U.S.C. § 1141(d)(1)(A) ...................................................................................18

28 U.S.C. § 1331 ..................................................................................................17

Fed. R. Bankr. P. 8013 ..........................................................................................2

## OTHER AUTHORITIES

Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* (16th ed. 2011) .....................14, 19

## PRELIMINARY STATEMENT

Ms. Gertrude C.F. Hamilton ("Appellant") has been suing Mark IV Industries, Inc.

("Mark IV" or "Appellee") for more than four years on meritless claims relating to her

termination from Mark IV in 2006. Along the way, she has accused a senior United States

District Court Judge and his clerk of fraud, referred to herself in a letter to the Attorney General

of the United States as a "Missionary for Justice," charged certain of Mark IV's attorneys with

ethical violations (all of which were dismissed as meritless) and stated in writing her belief that

Mark IV's chapter 11 bankruptcy case appears to be a conspiracy to avoid her claims.

Notwithstanding Appellant's beliefs, Appellant's claims and related appeals and various motions

for rehearing and reconsideration have been denied by every administrative agency and court

before which they have been brought, including the South Carolina Human Affairs Commission,

the United States Equal Employment Opportunity Commission, the United States District Court

for the District of South Carolina (the "South Carolina District Court"), the United States Court

of Appeals for the Fourth Circuit, the United States Bankruptcy Court for the Southern District

of New York (the "Bankruptcy Court") and, most recently, the Supreme Court of the United

States. Undeterred, Appellant continues on her quest to waste valuable judicial resources and

saddle Mark IV with unnecessary legal fees, and seeks to utilize this Court as a forum to take yet

one more bite at the apple by litigating her claim *de novo* before this Court on appeal.

Mark IV has endeavored to be patient and courteous with Appellant notwithstanding

Appellant's abuse of the legal system, repeated unfounded accusations of fraud and violations of

an injunction issued by the Bankruptcy Court in connection with Mark IV's plan of

reorganization. But enough is enough. As this response brief will clearly demonstrate,

Appellant cannot show that the Bankruptcy Court erred in denying any relief with respect to her

March 2011 Letter (defined below) and Mark IV respectfully requests that this Court affirm the Memorandum Endorsement and Order (defined below) in all respects.

## COUNTER-STATEMENT OF THE ISSUES ON APPEAL

1.     Whether the Bankruptcy Court erred in denying Appellant any relief in connection with the South Carolina District Court's entry of summary judgment in favor of Mark IV while the automatic stay in Mark IV's bankruptcy was in effect.

2.     Whether the Bankruptcy Court erred in finding that Mark IV's failure to schedule Appellant's lawsuit in its Statement of Financial Affairs was immaterial to the Bankruptcy Cases and was harmless.

## STANDARD OF APPELLATE REVIEW

A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr. P. 8013.  A finding is only clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mitchell*, 966 F.2d 92, 98 (2d Cir. 1992).  A bankruptcy court's conclusions of law are subject to *de novo* review on appeal. *See Shugrue v. Air Line Pilots Assoc. (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988–89 (2d Cir. 1990); *see also Taunton Mun. Lighting Plant v. Enron Corp. (In re Enron Corp.)*, 354 B.R. 652, 654 (S.D.N.Y. 2006) ("When reviewing an order of the Bankruptcy Court, this Court acts as an appellate court.  Accordingly, this Court reviews the Bankruptcy Court's conclusions of law *de novo* but accepts that court's findings of fact unless they are 'clearly erroneous.'").

## STATEMENT OF THE FACTS AND THE CASE

### A.     Mark IV Overview

Mark IV is a global leader in engine technology solutions targeted at primary and accessory drive systems for power transmission and air intake and cooling systems for the

2

worldwide automotive and heavy duty original equipment manufacturer market and automotive aftermarket. At the time of its Bankruptcy Cases (defined below), Mark IV had more than 4,000 employees and operated in 16 countries around the world, generating the majority of its sales from geographic regions outside of North America. Mark IV had approximately $1.3 billion of total sales for its fiscal year 2009

**B.    General Background**

Appellant is a former employee of Dayco Products, LLC (a subsidiary of Mark IV) who was allegedly injured on the job at a South Carolina facility in May 2005. (Docket No. 787, Ex. 2.)[1] In June 2006, Appellant's employment with Mark IV was terminated. (Docket No. 787, Ex. 11.) On or around August 4, 2006, Appellant filed a Charge of Discrimination against Mark IV with the South Carolina Human Affairs Commission (the "South Carolina Commission") and the United States Equal Employment Opportunity Commission (the "EEOC"). (Docket No. 787, Ex. 13.) On April 3, 2007, the South Carolina Commission dismissed Appellant's claims against Mark IV, finding that there was no cause to conclude that Mark IV had violated the applicable law. (*Id.*) On May 15, 2007, the EEOC adopted the findings of the South Carolina Commission and also dismissed Appellant's claims against Mark IV. (*Id.*)

On August 13, 2007, Appellant filed a complaint against Mark IV in the South Carolina District Court, alleging, among other things, wrongful termination in retaliation for filing for worker's compensation benefits in violation of state law and the Americans with Disabilities Act (the "South Carolina Litigation"). (Docket No. 789, ¶3.) On August 22, 2008, a United States magistrate judge issued his Report and Recommendation recommending that the South Carolina

---

[1]    Unless otherwise indicated, all citations to a "Docket No." refer to the Bankruptcy Court's jointly administered docket in the Debtors' (defined below) chapter 11 cases. For brevity, full titles of filings identified by docket number are not restated herein.

District Court grant Mark IV's motion for summary judgment to dismiss the South Carolina

Litigation. (Docket No. 787, Ex. 16.) On February 10, 2009, the Honorable Patrick Michael

Duffy of the South Carolina District Court overruled Appellant's objection to the magistrate's

Report and Recommendation and signed an order granting summary judgment in favor of Mark

IV. (Docket No. 789, Ex. C; Appellant's Appeal Brief, Statement of Fact No. 7.)

On April 30, 2009, Mark IV and certain of Mark IV's subsidiaries and affiliates

(collectively, the "Debtors") commenced chapter 11 bankruptcy cases (the "Bankruptcy Cases")

in the Bankruptcy Court before the Honorable Stuart M. Bernstein. On May 19, 2009, a notice

of automatic stay was entered in the South Carolina Litigation due to Mark IV's filing of chapter

11 bankruptcy. (Docket No. 787, Ex. 19.) On May 21, 2009, the clerk of the South Carolina

District Court entered on its docket in the South Carolina Litigation the summary judgment in

favor of Mark IV that had been decreed by Judge Duffy prior to the commencement of the

Bankruptcy Cases (Docket 789, Ex. D.) On June 8, 2009, the clerk of the South Carolina District

Court entered an amended summary judgment, amending the summary judgment that was

entered on May 21, 2009. (Docket 1014 at 1.) From this point forward, Appellant continued her

efforts *pro se.*

On June 15, 2009, Mark IV filed its Statement of Financial Affairs, which were

accompanied by the Global Notes and Statement of Limitations, Methodology and Disclaimer

Regarding the Debtors' Statements of Financial Affairs with Schedules (the "Global Notes").

(Docket No. 1013 at 10-15.) Mark IV did not list the South Carolina Litigation on its Statement

of Financial Affairs.

On or around July 9, 2009, Mark IV served upon Appellant notice of the order entered by

the Bankruptcy Court establishing the last day by which alleged claimants must file claims in the

4

Bankruptcy Cases (the "Bar Date Notice"). (Docket No. 341 at 411.) The Bar Date Notice

instructed, among other things, that all persons holding a claim against any of the Debtors arising

prior to April 30, 2009 must file a proof of claim by August 21, 2009 or be forever barred,

estopped, and enjoined from asserting such claim against the Debtors, and the Debtors and their

successors and their respective property shall be forever discharged from any and all

indebtedness or liability with respect to such claim. (Docket No. 341 at 4-11.)

On July 17, 2009, the Debtors agreed to Appellant's request that she be granted relief

from the automatic stay in the Bankruptcy Cases to appeal the prior orders of the South Carolina

District Court. (Docket No. 787, Ex. 22.) On August 11, 2009, Appellant filed a motion

("Motion for Reconsideration") with the South Carolina District Court requesting that it

reconsider the prior summary judgment orders entered against Appellant and grant her relief

therefrom. (*Id.*) In the Motion for Reconsideration, Appellant included in bold, italicized

typeface, a statement that the chapter 11 "[a]utomatic [s]tay stopped" all activity in her case. (*Id.*

at 3.) On August 13, 2009, the Motion for Reconsideration was denied by the South Carolina

District Court. (Docket No. 787, Ex. 23.)

On or about August 18, 2009, Appellant filed two proofs of claim in the Debtors'

Bankruptcy Cases, each in an amount "TBD by Jury (Requesting $33,000,000.00)" (together, the

"Hamilton Bankruptcy Claims"), in respect of her claims at issue in the South Carolina

Litigation. (Docket No. 787, Ex. 24.)

On August 31, 2009, Appellant filed a notice of appeal with the South Carolina District

Court. (Docket No. 1014 at 1.) Her briefs submitted to the Fourth Circuit contended in several

places that the automatic stay stopped the underlying lawsuit, including in page eight of her reply

5

brief where she stated that "[a]t the time the district court entered the May 21, 2009 and June 8, 2009 judgments, the automatic stay was in effect." *(Id.)*

By order signed on September 23, 2009 (the "Confirmation Order"), the Bankruptcy Court confirmed the Debtors' plan of reorganization (as amended, the "Plan"). (Docket No. 528.) On or about August 11, 2009, Appellant was served with notice of the hearing to confirm the Plan and procedures for filing objections thereto. (Docket No. 431 at 467.) The Plan was substantially consummated on November 13, 2009 (the "Effective Date") and Mark IV emerged from bankruptcy on such date.[2] (Docket No. 596.) In general, except as otherwise provided in the Plan, the Effective Date of the Plan resulted in the satisfaction, discharge, and release of the Debtors of all liabilities, claims and causes of action against the Debtors. (Docket No. 596 at 1.) Appellant was served with notice of entry of the Confirmation Order and the occurrence of the Effective Date on or around November 13, 2009. (Docket No. 601 at 310.)

In an unpublished opinion on February 23, 2010, the Fourth Circuit dismissed Appellant's appeal from the underlying summary judgment entered by the South Carolina District Court for lack of jurisdiction and affirmed the denial of the Motion for Reconsideration finding no abuse of discretion. (Docket No. 789, Ex. E.) On April 30, 2010, the Fourth Circuit denied Appellant's petition for rehearing and for rehearing *en banc* and on May 12, 2010, the court denied Appellant's motion for reconsideration of its order denying her petition for rehearing. (Docket No. 789, Ex. F.)

---

[2]   The Bankruptcy Cases and the Plan were anything but an attempt to avoid Appellant's case. Indeed, among other things, the Debtors used the bankruptcy process to relieve almost $750 million of liabilities and to effect a substantial recapitalization of their businesses, thereby saving thousands of jobs in the United States and in other parts of the globe.

6

After the Fourth Circuit Court of Appeals denied Appellant's petition for rehearing and for rehearing *en banc*, the Debtors filed an objection (the "Claims Objection")[3] to various claims, including the Hamilton Bankruptcy Claims, requesting that the Hamilton Bankruptcy Claims be disallowed in their entirety on the basis that the claims had been adjudged as without merit in the South Carolina Litigation and ensuing appeals. (Docket No. 789, ¶4.)  Appellant appeared before the Bankruptcy Court on June 8, 2010 and participated in the hearing on the Claims Objection. By order of the Bankruptcy Court on June 9, 2010 (the "Claims Disallowance Order") (Docket No. 795), each of the Hamilton Bankruptcy Claims were disallowed in their entirety, subject to reinstatement should the Supreme Court of the United States grant a petition for a *writ of certiorari* or other appeal by Appellant.  (Docket No. 795, ¶8.)  Appellant did not appeal the Claims Disallowance Order.

On July 16, 2010, Appellant petitioned the Supreme Court of the United States for a *writ of certiorari*.  (Docket No. 963 at 2.)  On October 4, 2010, Appellant's petition was denied.  (*Id.*) On November 15, 2010, Appellant's petition for rehearing was denied by the Supreme Court. (*Id.*)

On November 23, 2010, Appellant faxed a letter (the "November 2010 Letter") to the Bankruptcy Court in which she made vague statements about the automatic stay and asserted that the South Carolina District Court and attorneys for Mark IV helped Mark IV "with bankruptcy conspiracy to avoid legal responsibility."  (Docket No. 963 at 1.)  In the November 2010 Letter, Appellant requested assistance obtaining a "Right to Sue Letter" against Mark IV's attorney or Judge Duffy or his clerk.  (Docket No. 963 at 5.)  In her attachments to the November 2010

---

[3]    Almost 1,700 proofs of claim were filed against the Debtors in the Bankruptcy Cases. The Debtors filed more than 1,000 objections to claims in the aggregate.

Letter, Appellant stated that "[t]he chapter 11 looks like a conspiracy to avoid [her] case" and accused Judge Duffy of "not follow[ing] the law" and ignoring federal rules of civil procedure. (*Id.*) The Bankruptcy Court declined to take any action in response to the November 2010 Letter, noting that Appellant failed to identify a specific action that was taken in violation of the stay and that Appellant is not a debtor protected by the bankruptcy automatic stay. (Docket No. 963 at 1.)

On January 26, 2011, Appellant faxed or emailed a letter (the "January 2011 Letter") to (a) Mr. Eric Holder – Attorney General for the Civil Rights Division, (b) Mr. Thomas E. Perez – Assistant Attorney General for the Civil Rights Division, (c) Department of Justice Office of the Inspector General, (d) Washington Lawyers' Committee for Civil Rights, (e) Commission on Lawyer Conduct, (f) Commission on Judicial Conduct, and (g) a U.S. Department of Justice Bankruptcy Fraud program under the U.S. Trustee, complaining that, among other things, Judge Duffy assisted Mark IV in committing a gross civil rights violation, neglected his civil duty to be fair and unbiased, and did not faithfully adhere to his oath of office. (Docket No. 1013 at 2-3.) Appellant referred to herself in the signature line of the January 2011 Letter as "A Missionary for Justice." (Docket No. 1013 at 5.)

**C.     March 2011 Letter**

On March 10, 2011, Appellant faxed a one-page (excluding attachments) letter (the "March 2011 Letter ") to Judge Bernstein and the South Carolina Disciplinary Counsel alleging that "Fraud upon the Court" took place in Mark IV's bankruptcy case. (Docket No. 1013 at 1.) In response, the Bankruptcy Court issued a Memorandum Endorsement and Order Denying Relief Requested by Gertrude C.F. Hamilton (the "Memorandum Endorsement and Order"). (Docket No. 1014.) In the Memorandum Endorsement and Order, the Bankruptcy Court noted that it was not entirely clear from the March 2011 Letter what relief Appellant was seeking,

8

though the letter raised two bankruptcy issues: (1) the clerk from the South Carolina District Court entered a summary judgment and amended summary judgment dismissing Appellant's complaint in the South Carolina Litigation while the bankruptcy automatic stay was in effect, and (2) Mark IV did not list Appellant's lawsuit in its Statement of Financial Affairs. (Docket No. 1014 at 2.)

The Bankruptcy Court disposed of the second issue in one sentence, noting that Mark IV's failure to schedule Appellant's lawsuit was immaterial to the Bankruptcy Cases, and was harmless. (*Id.*) As to the first issue, the Bankruptcy Court noted, among other things, that (a) the South Carolina District Court granted summary judgment on the underlying litigation prior to the automatic stay and entry of that judgment while the automatic stay was in effect was not necessarily a violation of the stay, and (b) Appellant already raised the automatic stay issue with the South Carolina District Court and the Fourth Circuit Court of Appeals who rejected Appellant's automatic stay argument, and the Bankruptcy Court would not entertain the same issue. (*Id.*) As a result, the Bankruptcy Court declined to grant any relief to Appellant with respect to the March 2011 Letter. (*Id.*)

It is from the Memorandum Endorsement and Order that Appellant now appeals to this Court.

## ARGUMENT

**I.   THE BANKRUPTCY COURT DID NOT ERR IN DENYING ANY RELIEF TO APPELLANT STEMMING FROM THE SOUTH CAROLINA DISTRICT COURT'S ENTRY OF SUMMARY JUDGMENT WHILE THE AUTOMATIC STAY WAS IN EFFECT.**

In the March 2011 Letter, Appellant apparently contends that the South Carolina District Court violated the automatic stay established by section 362 of the United States Bankruptcy Code (as amended, the "<u>Bankruptcy Code</u>") by taking action on May 21, 2009 to docket an order

granting summary judgment in favor of Mark IV. Appellant's automatic stay argument was, as the Bankruptcy Court correctly observed, already raised in the South Carolina District Court and with the Fourth Circuit, each of which implicitly rejected the argument, and Appellant is therefore precluded from relitigating the issue. But even if Appellant was not precluded from advancing these arguments, her automatic stay argument is wholly without merit for various reasons, including because the automatic stay prevents actions against only debtors, *not against third parties*. Thus, the Bankruptcy Court did not err in denying Appellant any relief resulting from the South Carolina District Court's entry of summary judgment while the automatic stay was in effect.

A.    **Issue Preclusion Bars Relitigation of Appellant's Automatic Stay Arguments.**

Appellant's attempts to challenge the validity of the May 21, 2009 summary judgment entered by the South Carolina District Court while the bankruptcy automatic stay was in effect are barred by the doctrine of issue preclusion. The doctrine of issue preclusion bars the relitigation of an issue that was addressed in an earlier proceeding provided that "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999) (*citing Local 32B-32J Serv. Employees Int'l Union v. NLRB*, 982 F.2d 845, 849 (2d Cir. 1993)).

Appellant raised the automatic stay issue in her Motion for Reconsideration filed with the South Carolina District Court which was, as the Bankruptcy Court noted, competent to address it. *See Erti v. Paine Webber Jackson & Curtis, Inc. (In re Baldwin-United Corp. Litig.)*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether

10

the proceeding pending before it is subject to the automatic stay.")  Furthermore, as the

Bankruptcy Court observed, Appellant raised the automatic stay issue several times in her brief

on appeal to the Fourth Circuit.  Although neither the South Carolina District Court nor the

Fourth Circuit explicitly discussed the automatic stay issue, both courts "impliedly rejected the

argument" when the South Carolina District Court denied Appellant's Motion for

Reconsideration and the Fourth Circuit affirmed such decision.  *Cf. Stoehr v. Mohamed*, 244

F.3d 206, 208 (1st Cir. 2001) ("An issue may be 'actually' decided even if it is not explicitly

decided, for it may have constituted, logically or practically, a necessary component of the

decisions reached in the prior litigation.") (*quoting Grella v. Salem Five Cent Sav. Bank*, 42 F.3d

26, 30–31 (1st Cir. 1993)).  Here, each of the South Carolina District Court and the Fourth

Circuit decided that there was no merit in Appellant's automatic stay argument.  Thus, the

Bankruptcy Court did not err in refusing to entertain Appellant's automatic stay issue or grant

any relief with respect thereto.

> **B.     Appellant's Arguments are Wholly Without Merit.**

Even if Appellant was not precluded from advancing her automatic stay arguments in this

Court, her arguments are wholly without merit.

> **1.     The South Carolina District Court's June 8, 2009 Amended Summary Judgment Did Not Make Any Material Changes in the Ultimate Disposition of the South Carolina Litigation.**

In her brief, Appellant first takes issue with the Bankruptcy Court's finding that the South

Carolina District Court's June 8, 2009 amended summary judgment did not make any material

changes in the ultimate disposition of the matter.  Appellant applies little or no analysis in

support of the assertion in her brief that the June 8, 2009 amended summary judgment made

"substantial" changes to the May 21, 2009 summary judgment other than to misinterpret the

effect of certain language contained in the summary judgments.  Appellant's arguments ignore

the fact that each summary judgment contained identical language ordering that Appellant take

nothing on her complaint and that the complaint be dismissed with prejudice, thus containing

identical language with respect to "the ultimate disposition of the matter." Appellant's blanket

assertions with little or no analysis or support do not demonstrate that the Bankruptcy Court's

finding was clearly erroneous.

> 2. **Mark IV's Dismissal of its Counterclaims in the South Carolina Litigation Was Not a Violation of the Automatic Stay.**

Appellant next argues that Mark IV's dismissal in the South Carolina Litigation of its

counterclaims against Appellant violated the automatic stay. It is unclear why Appellant would

contest the dismissal of counterclaims asserted against her. In any event, she is mistaken. The

Bankruptcy Court was correct in holding that "the defendants were free to dismiss their

counterclaims in accordance with Fed. R. Civ. P. 41 without regard to the automatic stay."

Memorandum Endorsement and Order at 2. Only actions *against* the debtor are stayed by the

automatic stay. *See Justus v. Fin. News Network (In re Fin. News Network, Inc.)*, 158 B.R. 570,

572–73 (S.D.N.Y. 1993). Thus, "within one case, actions *against* a debtor will be suspended

even though closely related claims asserted *by* the debtor may continue." *Maritime Elec. Co. v.

United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991) (emphasis in original). Appellant's

reliance on *Pope v. Manville Forest Products Corp.*, 778 F.2d 238 (5th Cir. 1985), is inapposite

because that case concerned dismissal of claims asserted against the debtor, *id.* at 238, whereas

Appellant's argument concerns dismissal of claims asserted by the debtor.

Because the automatic stay does not bar a debtor's continuation of its counterclaims,

Appellant's argument that the dismissal of a counterclaim is continuation of a proceeding for the

purposes of the section 362 automatic stay is beside the point. "If prosecution of a

counterclaim . . . is not barred by Section 362, then dismissal of that counterclaim . . . cannot be

prohibited by that statute." *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362

(S.D. Fla. 1985); *see also First Wis. Nat'l Bank of Milwaukee v. Grandlich Dev. Corp.*, 565 F.2d

879, 880 (5th Cir. 1978) (holding that the automatic stay did not deprive the district court of

jurisdiction to dismiss the debtor's counterclaims). Thus, Mark IV's dismissal of its

counterclaims in the South Carolina Litigation was not a violation of the automatic stay.

 Finally, Appellant is confused when she argues that "a plaintiff can become a bankruptcy

debtor when a counterclaim is asserted against them." (Appellant Br. at 8.)  A debtor is a "person

or municipality concerning which a case under [the Bankruptcy Code] has been commenced." 11

U.S.C. § 101(13).  Appellant has not commenced any case under the Bankruptcy Code and is

therefore not a debtor protected by the automatic stay.[4]

  **3. Entry of Summary Judgment by the South Carolina District Court
Was Not a Violation of the Automatic Stay.**

 Appellant next argues that the South Carolina District Court's entry of summary

judgment in favor of Mark IV on May 21, 2009 was a violation of the automatic stay.  She is

mistaken.  The entry of judgment was, as the Bankruptcy Court rightly held, a ministerial act that

did not violate the automatic stay. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 528–

29 (2d Cir. 1994) ("[W]e do not believe that the simple and 'ministerial' act of the entry of

judgment by the court clerk constitutes the continuation of judicial proceedings under section

362(a)(1).").  The May 21, 2009 summary judgment was signed by the clerk, not the District

---

[4] The source of Appellant's confusion may be the following remark in *Kroolik v. Markowitz*:
"[A]n answer that asserts a counterclaim against a plaintiff who becomes a bankruptcy debtor
is an 'action or proceeding against the debtor' within the meaning of § 362(a)(1),
notwithstanding the fact that the plaintiff initiated the lawsuit." 40 F.3d 567, 568 (2d Cir.
1994). The *Kroolik* court is speaking about plaintiffs who have counterclaims asserted
against them and then who later file for bankruptcy. The court is not proposing that plaintiff
becomes a bankruptcy debtor when it is subjected to a counterclaim initiated by a debtor.

Court Judge, and refers to the South Carolina District Court's February 10, 2009 (entered prior to Mark IV's bankruptcy and therefore prior to the automatic stay) order granting summary judgment, a decision that was rendered on the merits. Consequently, the entry of the summary judgment by the clerk did not constitute continuation of judicial proceedings. *See In re Capgro Leasing Assoc's.*, 169 B.R. 305, 315 (Bankr. E.D.N.Y. 1994) (holding that "judicial proceedings" ended when "a decision on the merits" was "rendered"). Thus, the actions by the South Carolina District Court did not violate the stay.

## II.  THE BANKRUPTCY COURT'S FINDING THAT MARK IV'S FAILURE TO SCHEDULE APPELLANT'S LAWSUIT IN ITS STATEMENT OF FINANCIAL AFFAIRS WAS IMMATERIAL TO THE BANKRUPTCY CASES AND WAS HARMLESS IS NOT CLEARLY ERRONEOUS.

Appellant does not offer any support for her assertion that Mark IV's failure to list the South Carolina Litigation in its Statement of Financial Affairs was not harmless. Instead, Appellant simply makes blanket assertions that Mark IV committed fraud and violations under 18 U.S.C. § 157 and 18 U.S.C. § 157(3) – certain criminal statutes under the United States Code – that should be examined and prosecuted. It is unclear what relief Appellant is requesting the Court grant her with respect to this issue.

The purpose of the statement of financial affairs is simply to inform creditors generally of the financial condition of the debtor, *see* Alan N. Resnick & Henry J. Sommer, *Collier on Bankruptcy* ¶ 521.09 (16th ed. 2011), and this report is not intended as notice to any one party (indeed, neither the Bankruptcy Code nor the Bankruptcy Rules require that the statement of financial affairs be served on parties in a bankruptcy case). In any event, as stated above, summary judgment was granted in Mark IV's favor dismissing Appellant's complaint on February 10, 2009 – more than four months prior to Mark IV's filing of its Statement of Financial Affairs – and no appeal was pending at the time Mark IV filed its statement. Thus, the

14

financial condition of Mark IV was not in any way misrepresented by the absence of Appellant's lawsuit on the statement. In sum, Appellant has offered not a shred of evidence, nor is there anything on the record, to support her assertion that such omission was intentional and/or that there was any harm to Appellant (or anyone else for that matter). Thus, it is little wonder that Judge Bernstein found there was no harm to the Bankruptcy Cases occasioned by not listing the South Carolina Litigation.

Moreover, Appellant has no standing to assert a claim that the Debtors' failure to list the South Carolina Litigation was harmful to the Bankruptcy Cases. Indeed, Appellant has no claim in the Bankruptcy Cases and her appeal of the denial of such claim is final in light of the Supreme Court's denial of her request for a *writ of certiorari*. Rather, the more pertinent question is whether Appellant received notice sufficient to permit her to participate in the Bankruptcy Cases – which she undoubtedly did. Indeed, Appellant was timely served with the Bar Date Notice and was offered every opportunity to participate throughout the entirety of Bankruptcy Cases as an alleged claimant. In fact, Appellant timely filed proofs of claim in respect of the South Carolina Litigation and appeared before the Bankruptcy Court at the hearing on Mark IV's objection to such claims. She was permitted to proceed in her chosen forum in South Carolina were judgment was rendered final in Mark IV's favor. Therefore, Appellant's claims were disallowed in their entirety not on procedural grounds, but because they were found to be without merit.[5]

---

[5]   Appellant's incessant attempts to avoid the finality of the judgment against her continue unabated. Indeed, Mark IV has learned just this morning that Appellant has now filed a motion with the Bankruptcy Court seeking reconsideration of the order disallowing Appellant's claims in the Bankruptcy Cases.

Because Appellant has not demonstrated, nor has she attempted to demonstrate, that Mark IV's failure to schedule the South Carolina Litigation was material to the Bankruptcy Cases or harmed her or any other party in any way whatsoever, Appellant has not demonstrated that the Bankruptcy Court's finding on this issue was clearly erroneous.

## III.   APPELLANT MAY NOT USE THIS APPEAL TO COLLATERALLY ATTACK SUMMARY JUDGMENT ENTERED BY THE SOUTH CAROLINA DISTRICT COURT IN MARK IV'S FAVOR.

While the March 2011 Letter does not appear to request any specific relief from the Bankruptcy Court, Appellant's opening brief on appeal to this Court reveals that the true purpose of her appeal is to have her case "reopened and moved to this District Court" so that she may "re-argue" her case. *See, e.g.*, Appellant Br. at 12, 13. Not only was this request never raised with the Bankruptcy Court, but the relief requested is barred by the doctrine of claim preclusion (or *res judicata*).

The doctrine of claim preclusion bars parties from relitigating claims that were decided in an earlier proceeding. *See Baker v. General Motors Corp.*, 522 U.S. 222, 233 n.5 (1998). Specifically, claim preclusion applies if "the earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 190 (2d Cir. 1985). Each criterion is met here.

First, the South Carolina District Court issued a final judgment on the merits when it granted summary judgment for Mark IV on February 10, 2009. *See Harriscom Svenska, AB v. Harris Corp.*, 3 F.3d 576, 581 (2d Cir. 1993) (holding that the district court's grant of summary judgment was on the merits for *res judicata* purposes); *Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 66 (2d Cir. 1986) (holding that a district court's decision in favor of the plaintiffs following a bench trial was a final decision for *res judicata* purposes even

though the clerk did not enter judgment until months later, after the defendants had filed for

bankruptcy).  Second, the South Carolina District Court unquestionably had jurisdiction over

Appellant's claims.  *See* 28 U.S.C. § 1331.  Third, Appellant is once against seeking relief against

Mark IV, so the requirement of mutuality is satisfied.  Finally, Appellant wishes to relitigate the

same cause of action she pursued in the South Carolina District Court.

In applying general principles of *res judicata* to bankruptcy proceedings, courts have

long recognized that litigants may not use the bankruptcy process as an opportunity to relitigate

claims that were adjudicated by another court in an earlier proceeding.  As early as 1946, the

Supreme Court of the United States concluded that the bankruptcy courts may not "reexamine

the issues determined by the judgment" of another court, absent exceptional circumstances.

*Heiser v. Woodruff*, 327 U.S. 726, 736 (1946).  Consequently, courts are wary of attempts by

parties in bankruptcy proceedings to "slip[] arguments through the backdoor that ha[ve] already

been turned away at the frontdoor." *Butler*, 803 F.2d at 66.  That is precisely what Appellant's

apparent request for relief seeks to accomplish, and this Court should therefore deny any such

request.  In sum, because Appellant fully litigated her claims before the South Carolina District

Court she cannot relitigate the same claims in this or any other court.

## IV.  APPELLANT IS ENJOINED FROM CONTINUING OR COMMENCING ANY ACTION TO RECOVER ON ANY CLAIMS RELATING TO THE SOUTH CAROLINA LITIGATION.[6]

Appellant's current efforts to "reopen" or "re-argue" her case or to recover any amounts

from Mark IV related to the South Carolina Litigation are barred by the Confirmation Order.

Paragraph 18 of the Confirmation Order enjoins "all Persons who have held, hold or may hold"

---

[6]   All capitalized terms used in this section but not defined herein shall have the meaning ascribed to such terms in the Plan.

claims against Mark IV from "commencing or continuing in any manner any Claim, employment of process, action or other proceeding of any kind" which they possessed prior to November 13, 2009 with respect to such claim.  Because all of Appellant's claims relating to the South Carolina Litigation arose before November 13, 2009, Appellant is barred by the Confirmation Order from any further pursuit of such claims.

Appellant is also enjoined by Section 11.9 of the Plan and section 524 of the Bankruptcy Code from continuing any action to recover on her claims.  Section 11.9 of the Plan provides that "[the] discharge pursuant to Article XI of [the] Plan shall also act as an injunction against any Person commencing or continuing any action . . . to recover any Claim or Cause of Action satisfied, released, or discharged under [the] Plan to the fullest extent provided by the Bankruptcy Code, including . . . to the extent provided for or authorized by sections 524 and 1141 thereof."  Similarly, section 524 of the Bankruptcy Code provides that "[a] discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, . . . or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ."  11 U.S.C. § 524(a)(2).

All of Appellant's claims relating to the South Carolina Litigation were discharged in Mark IV's bankruptcy.  Section 11.2 of the Plan provides a broad discharge of Mark IV, to the fullest extent permitted by section 1141(d) of the Bankruptcy Code, from, among other things, all Claims and Causes of Action that arose prior to the Confirmation Date (September 23, 2009).  Section 1141(d) of the Bankruptcy Code provides that "[e]xcept as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . ."  11

18

U.S.C. § 1141(d)(1)(A). All of Appellant's claims relating to the South Carolina Litigation arose prior to September 23, 2009 and were therefore discharged pursuant to the Plan.

Appellant's effort to relitigate the same claims in this Court is a plain example of the type of conduct the injunction contained in the Plan and the discharge injunction contained in section 524 of the Bankruptcy Code were designed to prohibit. *See* Resnick & Sommer, *supra* ¶ 524.02 ("Postdischarge lawsuits, of course, are clearly prohibited."). Thus, Appellant's continued efforts to pursue her underlying claims in the South Carolina Litigation and "reopen" or "re-argue" her case are in direct violation of the injunctions found in the Confirmation Order and the Plan, as well as section 524 of the Bankruptcy Code. While Mark IV has not yet requested sanctions against Appellant, it fully reserves the right to do so.

## V.    THE APPEAL IS MOOT TO THE EXTENT APPELLANT IS SEEKING TO RECOVER FROM MARK IV.

Even if Appellant's underlying claims had merit, section 524 of the Bankruptcy Code precludes this Court from granting effective relief, thus rendering the appeal moot. Specifically, section 524(a)(1) "voids any judgment . . .to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged" in bankruptcy. Consequently, even if the Court determined that Appellant's claims had merit, and even if Appellant was able to obtain a judgment against Mark IV, such judgment would be void. When an appellate court cannot grant effective relief, it should dismiss the appeal as moot. *See United States v. Salerno*, 932 F.2d 117, 123 (2d Cir. 1991). Courts have declined on mootness grounds to hear an appeal where § 524 would preclude effective relief. *See, e.g., In re Cantwell*, 639 F.2d 1050, 1053–54 (3d Cir. 1981); *Chae v. Schneider*, 244 S.W.3d 425, 427 (Tex. App. 2007). This Court should follow suit and dismiss Appellant's appeal as moot.

**VI.    APPELLANT'S FAILURE TO RAISE CERTAIN ISSUES BEFORE THE BANKRUPTCY COURT EFFECTS A WAIVER.**

To the extent Appellant raised any arguments in her appeal that she did not raise before the Bankruptcy Court, such arguments should be barred. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (noting the "general rule [that] . . . a federal appellate court does not consider an issue not passed upon below"); *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 147 (2d Cir. 2001) (refusing to depart from settled principle that absent "manifest injustice" appellate courts do not consider an issue not raised in the trial court) (*citing 767 Third Ave. Assocs. v. Consulate Gen. of the Socialist Fed. Republic of Yugoslavia*, 281 F.3d 152, 162 (2d Cir. 2000)); *Browning v. MCI, Inc. (In re Worldcom, Inc.)*, 339 B.R. 836 (S.D.N.Y. 2006) (holding that failure to clearly raise claim before bankruptcy court bars appellant from raising the issue on appeal).

<u>**CONCLUSION**</u>

For the foregoing reasons, Mark IV respectfully requests that this Court affirm the Memorandum Endorsement and Order in all respects.

20

Dated:  May 31, 2011          Skadden, Arps, Slate, Meagher & Flom LLP

By: _____

Jay M. Goffman
J. Eric Ivester
Four Times Square
New York, New York 10036
(212) 735-3000
Jay.Goffman@skadden.com
Eric.Ivester@skadden.com

-and-

Jeremy R. Hall (admitted *pro hac vice*)
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 407-0700
Jeremy.Hall@skadden.com

*Counsel for Mark IV Industries, Inc.*

21

CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to practice law before this Court,

hereby certifies under penalty of perjury, that on May 31, 2011, I caused a true copy of the

- *Mark IV Industries, Inc.'s Designation of Additional Items to Be Included in the Record on Appeal* and

- *Response Brief of Appellee Mark IV Industries, Inc.*

to be served upon the following party in the manner indicated:

By Federal Express, overnight delivery

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488

Dated:  New York, New York
      May 31, 2011

Steven Ray Katzenstein

C. Iwaska

| Managing Law Clerks | | | |
|---|---|---|---|
| **Served/Received** | | **Filed** | |
| Hand | | Hand | *RH* 5/31/11 |
| Overnight *QT* | 5/31/11 | Electronically | |
| Mail | | | |
| postmark | | Courtesy copy | 5/31/11 |
| Electronically | | | |
| | | **D & E** | 5/31/11 |

*RH*