USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

GERTRUDE C.F. HAMILTON,

  Plaintiff-Appellant,

  v.

MARK IV INDUSTRIES, INC., et al.,

  Defendant-Appellee

-----------------------------------------------------------X

Case No. 1:11-cv-02916 (RMB)

Appeal from Bankr. Case:
09-12795 (SMB)
March 16, 2011 Order

PRO SE OFFICE
JH.

# REPLY BRIEF OF APPELLANT GERTRUDE C. F. HAMILTON

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488
Cell Tel: (843) 599-2257
Home Tel: (843) 549-7921
E-mail: trudyham1@aol.com
PRO SE



JUN 14 2011
PRO SE OFFICE

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................2

INTRODUCTION ..............................................................................................3

ARGUMENT......................................................................................................3

   I.   THE AUTOMATIC STAY ISSUE IS NOT BARRED BY ISSUE PRECLUSION BECAUSE IT WAS NEVER FULLY LITIGATED.......................3

   II.   MARK IV'S FAILURE TO INCLUDE HAMILTON'S LAWSUIT ON THE STATEMENT OF FINANCIAL AFFAIRS WAS INTENTIONAL AND ILLEGAL ............................................................................................................4

   III.   MARK IV'S DISMISSAL OF COUNTERCLAIMS WAS A VIOLATION OF THE AUTOMATIC STAY ...................................................................................5

   IV.   ENTRY OF SUMMARY JUDGMENT AND AMENDED SUMMARY JUDGMENT WAS A VIOLATION OF THE AUTOMATIC STAY .......................7

   V.   RIGHT-TO-SUE..............................................................................................7

   VI.   MARK IV'S REPEATED FRAUDULENT ACTS HAVE CAUSED HAMILTON HARM ............................................................................................8

CONCLUSION ...................................................................................................9

# EXHIBIT A

Documents to be included from the United States Court of Appeals for the Fourth Circuit Case No. 09-1999:

| No. | Date Filed | Docket Number | Document Description |
|---|---|---|---|
| 1. | 10/08/2009 | | Response brief of Appellees |

Documents to be included from the United States District Court for South Carolina Case No. 2:07-2782-PMD-RSC:

| No. | Date Filed | Docket Number | Document Description |
|---|---|---|---|
| 2. | 08/13/2007 | 1 | Complaint against Dayco Products LLC, Mark IV Industries, Liberty Mutual Insurance Co. |
| 3. | 10/11/2007 | 21 | ANSWER to complaint, COUNTERCLAIM against Gertrude Coretta Fennell Hamilton by Dayco Products LOC, Mark IV Industries. |
| 4. | 12/14/12007 | 36 | Answers to Interrogatories by Gertrude C.F. Hamilton |
| 5. | 06/20/2008 | 54 | Response in Opposition to Motion for Summary Judgment |

# TABLE OF AUTHORITIES

**CASES**

*Bulloch v. United States* 763 F 2d 1115, 1121 (10th Cir. 1985) ..........................6

*In re Coastal Plains, Inc.* 179 F. 3d 197 (5th Cir. 1999) ..........................5

*In re Ross*, 602 F. 2d 604, 607 (3d Cir. 1979) ..........................4

**RULES**

Fed. R. Bankr. P. Rule 8017 ..........................7

Fed. R. Civ. P. Rule 41 ..........................6

Fed. R. Civ. P. Rule 59 ..........................7

Fed. R. Civ. P. Rule 60 ..........................7

Fed. R. Civ. P. Rule 62 ..........................7

**STATUTES**

11 U.S.C. § 523 ..........................8

18 U.S.C. § 152 ..........................4

18 U.S.C. § 157 ..........................5

## INTRODUCTION

Gertrude C.F. Hamilton or Trudy ("Hamilton") appeals the March 16, 2011 Order because she believes there was fraudulent activity in her case against Mark IV ("defendants") and in Mark IV's bankruptcy filing. The fraud occurred when judicial actions took place during the automatic bankruptcy stay and when the defendants failed to schedule Hamilton's lawsuit against them. In their response brief, the defendants have again attempted to portray Hamilton in a false light, have made light of her attempts to receive justice, and will not fully acknowledge her workplace injury, calling it "alleged." The defendants proclaim that "enough is enough" and Hamilton agrees.

While Mark IV's assertion that Hamilton's appeals have been denied by other courts is true, they do not mention that those appeals were not related to the issue of fraud. Further, Hamilton is not "litigating her claim *de novo*;" this appeal is regarding the fraud that took place after her lawsuit was underway.

## ARGUMENT

### I. THE AUTOMATIC STAY ISSUE IS NOT BARRED BY ISSUE PRECLUSION BECAUSE IT WAS NEVER FULLY LITIGATED

All requirements of the doctrine of issue preclusion were not satisfied. While Hamilton did raise the automatic stay issue in other courts, the issue was never actually addressed in the courts' decisions. Mark IV argues that the issue of the automatic stay was decided in both the District Court of South Carolina ("SC District Court") and the Fourth Circuit Court of Appeals ("Appeals Court") with each Court deciding that "there was no merit" in Hamilton's argument. (Appellee Br. at 11). However, the Judge in the SC District Court provided no explanation for his denial of Hamilton's Motion for

3

n/a

n/a

n/a

n/a

Reconsideration. Further, the Appeals Court's denial of Hamilton's appeal was actually due to the fact that they believed it was untimely and therefore outside of their jurisdiction. Neither court addressed the automatic stay issue so it was never fully litigated, leaving the second requirement ("that issue must have actually been litigated" from *In re Ross, 602 F. 2d 604, 607 ($3^d$ Cir. 1979)*) of the doctrine of issue preclusion unsatisfied.

Additionally, Hamilton does bring up claims from the SC District Court case because they were also never fully litigated. Two of the four claims submitted were not litigated. (See SC Doc. 1, dated 08/13/2007 and SC Doc. 36, dated 12/14/07).

## II. MARK IV'S FAILURE TO INCLUDE HAMILTON'S LAWSUIT ON THE STATEMENT OF FINANCIAL AFFAIRS WAS INTENTIONAL AND ILLEGAL

Mark IV claims that failing to schedule Hamilton's lawsuit in its Statement of Financial Affairs was harmless, but it was definitely an illegal act. Bankruptcy Procedure requires that debtors list all lawsuits occurring within the past year. Hamilton's suit and Mark IV's countersuit was open when Mark IV filed with the bankruptcy court in April 2009. Both lawsuits were not closed until May 21, 2009. The defendants clearly violated this rule and their attempt to make the action seem inconsequential indicates a lack of respect for the law. 18 U.S.C. § 152(8) states that a person who knowingly conceals information relating to a debtor's financial situation shall be fined. Mark IV states in their response brief that because Hamilton's case had been decided prior to the bankruptcy filing they did not see the need to schedule the lawsuit. However, the law requires them to report all lawsuits that are active 90 days before they

file, not just the ones they feel are significant. Hamilton understands Bankruptcy Fraud to mean when one gives false statements on official bankruptcy forms under oath and deliberately enters incomplete documentation in their bankruptcy filing. Pursuant to 18 U.S.C. § 157(3), the defendants committed bankruptcy fraud and perjured themselves under Federal law.

When debtors do not fully disclose their financial situation when filing bankruptcy, it is either inadvertent or intentional. ("The debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Quoting *In re Coastal Plains, Inc. 179 F. 3d 197 (5th Cir. 1999))*. Mark IV admits that they knew of Hamilton's lawsuit but still did not schedule it. This intentional act suggests an attempt to conceal the lawsuit. Hamilton believes that their motive to conceal her lawsuit was to keep their falsified OSHA regulatory reporting documents (that Hamilton revealed) from coming further to light.  Mark IV hid Hamilton's "Lost Time" accident from OSHA. (SC Doc. 54-2).  Willfully falsified documents carry a penalty of $500,000. This also put Mark IV's accreditations in jeopardy; they risk being barred from doing business with top U.S. and international automotive companies without proper accreditations.

Further, because Disability Discrimination under Title VII is normally non-dischargeable, Hamilton also believes that Mark IV intentionally omitted Hamilton's lawsuit for a quick approval to emerge from bankruptcy.

### III. MARK IV'S DISMISSAL OF COUNTERCLAIMS WAS A VIOLATION OF THE AUTOMATIC STAY

The defendants claim that under Federal Rule 41 of Civil Procedure they were allowed to dismiss their counterclaims, however, they actually violated Rule 41. Rule 41(a)(1)(A)(i-ii) states that actions can be dismissed without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or a stipulation of dismissal signed by all parties who have appeared." The defendants did not file a notice of dismissal, but had they, it would have been invalid because Hamilton answered the counterclaim on October 11, 2007. (See SC Doc. 21). The defendants did file a stipulation of dismissal, however, Hamilton did not sign it.

In addition to the dismissal of the counterclaim being in violation of the law, the counterclaim itself was fraudulent. An attorney or officer of the court entered this false statement in the stipulation: "The parties stipulate and agree to dismiss Defendants' counterclaims against Plaintiff in the above-captioned action. Each party shall bear its own fees and costs connected with the action." Hamilton did not sign the stipulation and did not agree to a dismissal.

Inasmuch, Mark IV's counsel committed "fraud upon the court." Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court." In *Bulloch v. United States 763 F 2d 1115, 1121 (10th Cir. 1985)*, the court states that "fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury… thus where the impartial functions of the court have been directly corrupted." The fact that the dismissal of counterclaims was allowed even when Hamilton did not sign the stipulation and never agreed to the dismissal indicates the SC

6

District Court's bias towards the defendants. Overlooking the defendants' clear violation of Federal Rule 41 of Civil Procedure and allowing the dismissal to proceed should be deemed "fraud upon the court."

Federal Rule 62 of Civil Procedure and Rule 8017 of the Bankruptcy Procedure require a cease period of 14 days, in which all judgments and court proceedings should be stayed to allow the bankruptcy court appropriate review. Two days after the automatic stay was issued, Mark IV entered a stipulation for dismissal of counterclaims with prejudice.

### IV. ENTRY OF SUMMARY JUDGMENT AND AMENDED SUMMARY JUDGMENT WAS A VIOLATION OF THE AUTOMATIC STAY

Again the 14-day cease period was ignored under Federal Rule 62 of Civil Procedure, and the SC District Court docket shows the case was closed on May 21, 2009. Hamilton did not have counsel after May 21, 2009 and was not informed of the amended summary judgment entered on June 8, 2009. The defendants used the automatic stay to prevent due process and oppress Hamilton from the opportunity to appeal, barring her Constitutional Civil Rights.

The defendants did not respond to our opening brief's assertion that the amended summary judgment was entered illegally due to neither party making a motion for the amendment. Hamilton will assume they agree that the amended summary judgment was entered in violation of Federal Rules 60(a) and 59(e) of Civil Procedure.

### V. RIGHT-TO-SUE

Hamilton desired an investigation to be launched and charges to be filed, as well as the delivery of a "right-to-sue" in her March 16, 2011 Memo. (Bankr. Doc. 1013). Mark IV's misconduct of ignoring the requirements of "Certificate of Service" with the July 17, 2009 Order (Bankr. Doc. 352) was done deliberately to delay Hamilton from being able to file an appeal within ten days of the Order being signed. This was a willful act to avoid justice. Hamilton called Mark IV's counsel many times trying to obtain a copy of the Order. Hamilton believed that because the judge said they would provide a copy, they would, but Mark IV did not. The fee to obtain the Order was paid via personal check and replaced with a cashiers check (Bankr. Doc. 787, p. 8; Response) the day before the hearing, but the court records did not update in time for Hamilton to obtain the Order through other means within ten days. She filed the Motion for Reconsideration within ten days of receiving the July 17, 2009 Order.

Hamilton takes issue with the appealed Order stating the case was not reviewed because all other courts agreed with Mark IV. That is clearly erroneous, and not law. Fraud should never be immaterial in any case.

A conflict of interest also existed with the law firm being a creditor and the possibility of Hamilton's claims not being dischargeable 11 U.S.C. § 523(a)(2)(A) could have prevented the firm from receiving hundred percent payments for service rendered.

## VI. MARK IV'S REPEATED FRAUDULENT ACTS HAVE CAUSED HAMILTON HARM

The defendants' intentionally fraudulent actions in Hamilton's lawsuit, their countersuit, and their bankruptcy filing caused Hamilton harm in many ways. In the South Carolina insurance industry, all Insurance Producers licenses require disclosure of

8

financial issues. Hamilton was required to report Mark IV's fraud-based counterclaim, which barred her from selling, soliciting, or negotiating insurance for the lines of authority until review of the matter was closed in 2009. This created financial lost and hardship, as well as pain and suffering from stress and depression. The cost to pursue justice by filing appeals was also financially harmful.

## CONCLUSION

Please, review your oath and enforce the law, we cannot erase the past. Some say history repeats itself; Mark IV will do this again. Fraud is fraud, and lives are endangered daily in the workplace. Regulatory reporting requirements to OSHA on work-related injuries and illnesses are vital to everyone's safety. Hamilton prays this court has enough information to rule in her favor; vacate all action that took place during the automatic stay and remand all claims that had not been heard and are still vibrant and protected under statue of limitations. Because of Mark IV's fraudulent activity, claims should be paid or judgment decided by a jury.

**Respectfully submitted,**

*/s/ Gertrude Hamilton*
**Gertrude Coretta Fennell Hamilton**
99 Elmwood Street
Walterboro, SC 29488
Trudyham1@aol.com
843.549.7921: home
843.599.2257: cell

**June 13, 2011**

9

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing REPLY BRIEF OF PLAINTIFF-APPELLANT has been furnished via certified mail and confirmation of receipt requested upon:

Jay M. Goffman, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Time Square
New York, NY 10036
(212) 735-3000

Counsel for Defendants-Appellees

-and-

Jeremy R. Hall (admitted *pro hac vice*)
155 North Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 407-0700

Counsel for Reorganized Debtors

Gertrude C.F. Hamilton
99 Elmwood Street
Walterboro, SC 29488
Home Tel: (843) 549-7921
Cell Tel: (843) 599-2257

Dated this 13th day of June, 2011